# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S *a/a/o* BAUSCH HEALTH NETHERLANDS; and, C.H. ROBINSON WORLDWIDE INC. | ) ) ) ) ) | Case No. 1:20-cv-06474 <br><br> The Honorable Charles R. Norgle |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| KONINKLIJKE LUCHTVAART MAATSCHAPPIJ N.V.; and, SOCIETE AIR FRANCE | ) ) ) ) | |
| Defendants. | ) | |
| KONINKLIJKE LUCHTVAART MAATSCHAPPIJ N.V.; and, SOCIETE AIR FRANCE | ) ) ) ) | |
| Counter-Plaintiffs, | ) ) | |
| v. | ) ) | |
| C.H. ROBINSON WORLDWIDE INC. | ) ) | |
| Counter-Defendant. | ) | |

**PLANTIFF/COUNTER-DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P 12(b)(6) DEFENDANTS/COUNTER-PLAINTIFFS' AMENDED COUNTERCLAIMS**

The Plaintiff/Counter-Defendant, C.H. Worldwide Inc. ("CHR") by and through its attorneys, Donald G. Machalinski, Robert S. Crowder and Joanna Maxwell of Tressler LLP, and in support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Defendant/Counter-Plaintiff, Koninklijke Luchatvaart Maatschappij N.V's ("KLM") and Defendant Societe Air France's ("AF") (collectively, "Defendants") Amended Counterclaims (ECF #18) against CHR, states as follows:

Case: 1:20-cv-06474 Document #: 22 Filed: 03/22/21 Page 2 of 11 PageID #:90

a. Pleadings

On October 30, 2020, CHR filed its three-count complaint against the Defendants, including two counts based on the Montreal Convention. (See Complaint, ECF #1).

On January 12, 2021, the Defendants filed their Answer, Affirmative Defenses and Counterclaims. (See Counterclaims ECF #11).

On February 23, 2021, the Defendants filed their Amended Counterclaims (See Amended Counterclaims ECF #18).

b. Law and Argument

1. Montreal Convention – First, Second and Third Counterclaims.

To avoid dismissal under Fed.R.Civ.P. 12(b)(6), the Defendants' amended counterclaims must be at least plausible on their face. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *See also, Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Here, they are not. First, CHR is a logistics services provider, not an international air carrier (nor did the Defendants allege that CHR was their servant or agent. Specifically, the Montreal Convention holds Defendants and their servants and agents liable for loss or damage to cargo sustained during "carriage by air." The Montreal Convention simply does not apply in any other circumstances. Second, the Defendants do not have standing to sue under the Montreal Convention, since they are neither a passenger nor a consignee nor an assignee or a subrogee of a party of interest. Finally, and most significantly, the law simply does not recognize any such "counter-claims". Specifically, all of the Montreal Conventions provisions cited by the Defendants set forth affirmative defenses. These provisions simply do not provide any basis for affirmative liability claims. Therefore, all of the "counterclaims" asserted by the Defendants are

not legally cognizable and are due to be dismissed with prejudice for failure to state a claim upon which relief can be granted.

The Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) ("Montreal Convention"), *reprinted in* S. Treaty Doc. No. 106–45, 1999 WL 33292734 (2000), governs the uniform system of liability for international air carriers. The Montreal Convention applies when cargo is damaged during "carriage by air," which is defined as "the period during which the cargo is in the carrier's charge", S. Treaty Doc. No. 106–45, 1999 WL 33292734, at * 17. The very first sentence of the Montreal Convention defines the scope of the international treaty and provides in relevant part: "This Convention applies to all international carriage of persons, baggage or cargo performed by aircraft for reward." *See*, Montreal Convention, Article 1 (1); *See also*, *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 169 (1999)( The Convention describes and defines the three areas of air carrier liability, the conditions exempting air carriers from liability, the monetary limits of liability, and the circumstances in which air carriers may not limit liability); *Danner v. International Freight Systems of Washington, LLC*., 2013 WL 78101, at *11 (D.Md, January 4, 2013) ("The Montreal Convention is an international treaty regarding liability of air carriers"). It is therefore a legal axiom that the Montreal Convention governs the liability of Defendants during carriage by air.

The Montreal Convention holds international air carriers strictly liable for damage to cargo sustained during "carriage by air." *See*, Montreal Convention, Article 18 (1); *See also*, *Benjamin v. American Airlines, Inc.,* 32 F.Supp.3d 1309, at 1315 (S.D.Ga. 2014)("The Convention imposes three categories of strict liability on air carriers…"). As one Court explained:

> Under the Montreal Convention, a "carrier is liable for damage sustained in the event of the destruction or loss of, or damage to, cargo upon condition only that the event which caused the damage so sustained took place during the carriage by air." Montreal Convention, Art. 18(1). In essence, if the event that caused the damage took place during the "carriage by air," as defined in the Montreal Convention, the carrier is strictly liable for damage sustained, subject to certain enumerated affirmative defenses.

*Danner v. International Freight Systems of Washington, LLC*., 2013 WL 78101, at *13

Next, four affirmative defenses are available under the Montreal Convention, Article 18, to Defendants faced with a cargo damage claim: 1) inherent defects, quality, or vice of the cargo; 2) defective packing by a person other than the carrier or its servants or agents; 3) acts of war or an armed conflict; and 4) acts by public authorities in connection with the entry, exit, or transit of the cargo. *See*, Montreal Convention Article 18 (2). To elaborate, "This paragraph lists the defenses potentially available to a carrier for limiting or avoiding liability relative to destruction, loss of, or damage to cargo…"." S. Treaty Doc. No. 106–45, 1999 WL 33292734, at *17 (2000). "The carrier is exonerated only 'to the extent' that the carrier proves that the damage resulted from one of these defenses." *Id*. Significantly, the Montreal Convention places the burden of proof on an international air carrier to bring itself within the ambit of one or more of the four enumerated defenses. *See*, Montreal Convention, Article 18 (2) ("the carrier is not liable if and to the extent it proves that the destruction, or loss of, or damage to, the cargo resulted from one or more of the following…"); *See also*, *C. Itoh &Co. (America), Inc. v. M/V Hans Leonhardt*, 719 F.Supp. 479, 504 (E.D.La. 1989)(the burden is on the defendant to bring itself within one of the listed defenses).

Moreover, Article 20 of the Montreal Convention sets forth an exoneration clause by which an international air carrier may be exonerated from an otherwise strict liability for the loss of or damage to the cargo. It specifically provides: "If the carrier proves that the damage was caused or contributed to by the negligence or other wrongful act or omission of the person claiming

4

compensation, or the person from whom he or she derives his or her rights, the carrier shall be wholly or partly exonerated from its liability to the claimant to the extent that such negligence or wrongful act or omission caused or contributed to the damage." *See*, Montreal Convention, Article 20. Again, the burden is on an international air carrier to bring itself within the scope of the Article 20 by "proving" that it is applicable under the circumstances. If it is ultimately determined that the Article 20 does apply, it would function as an affirmative defense by (potentially) allowing the Defendants to escape strict liability by comparing fault.

CHR is not liable under the Montreal Convention. First, CHR is a logistics services provider, not an international air carrier. Complaint, ¶3 [ECF # 1, at 2]. Moreover, the Defendants do not allege that CHR acted as their agent or servant for the purposes of "carriage by air." Therefore, the Montreal Convention simply does not apply under the circumstances to the Defendants' "Amended Counterclaims." Moreover, CHR is not aware even of a single published or even unpublished case where an international air carrier was allowed to use the Montreal Convention as a sword, rather than merely a potential shield from strict liability. The Montreal Convention enables passengers or consignees (and their assigns or subrogees) to sue Defendants, not the other way around. These Defendants are simply attempting to flip the Montreal Convention on its head.

Next, the Defendants set forth the following "Amended Counterclaims":

1. Liability Pursuant to Article 18(2)(a) of the Montreal Convention
2. Liability Pursuant to Article 18(2)(b) of the Montreal Convention
3. Liability Pursuant to Article 20 of the Montreal Convention

*(See*, ECF # 18, at 16 – 24).

The law simply does not recognize any such affirmative liability "claims." As discussed in the Applicable Law section, Article 18(2)(a) of the Montreal Convention lists one of the four affirmative defenses to a cargo damage claim. The Defendants bear the burden of proof on this issue. Hypothetically, the Defendants may be able to disclaim liability if and to the extent they prove that the destruction, or loss of, or damage to, the cargo resulted from "inherent defects, quality, or vice of the cargo." This is an affirmative defense, however, – not an affirmative, liability claim.

Likewise, Article 18(2)(b) of the Montreal Convention lists another affirmative defense to a cargo damage claim. Specifically, to the extent that the Defendants may ultimately be able to establish that the destruction, or loss of, or damage to, the cargo resulted from "defective packing by a person other than the carrier or its servants or agents," they might be able to limit their own liability to that same extent. Again, this is not a liability "claim" -- this is an affirmative defense on which the Defendants bear the burden of proof.

By the same token, Article 20 of the Montreal Convention provides the Defendants with a mechanism by which they may be partially or wholly exonerated from strict liability by comparing fault. To take advantage of the exoneration provisions, the Defendants must "prove" that the damage was caused or contributed to by the negligence or other wrongful act or omission of another, enumerated, party or individual. This is once again a defense – not an affirmative liability claim.

In sum, the law simply does not recognize the Defendants' "Amended Counterclaims." As such, the Defendants are not entitled to any affirmative judgment against of any description against CHR with respect to the First, Second and Third Amended Counterclaims.

2. State Law Counterclaims

At the onset, it is important to note that the Defendants have failed to provide any basis for their alleged right to assert state law counterclaims when faced with causes of action against them based on the Montreal Convention. As stated above, the Montreal Convention itself provides for the procedural mechanisms by which the Defendants are entitled to defend those claims asserted against them.

a. Fourth Amended Counterclaim - Negligence.

"Under Illinois law, to properly state a cause of action for negligence, the plaintiff must allege sufficient facts to establish a duty, a breach of that duty, and an injury proximately caused by the breach." *Skyview Film & Video, Inc. v Safeco Life Insurance Company,* 864 F.Supp.755 *(*ND IL 1994*)*. Defendants did not and could not establish an essential element of its claim – damages. Simply put, Defendants did not suffer any damages, even hypothetically, because they failed to pay for the loss.

Furthermore, it is well established that under the Illinois law, attorneys' fees and expenses of litigation are not allowable to a successful party in the absence of statute. *Ritter v Ritter*, 381 Ill.549, 46 N.E.2d 41 (1943); *Garris v Schwartz*, 551 F.2d 156 (7th Cir. 1977).

The Defendants' Fourth Amended Counterclaim purports to state a cause of action for negligence and gross negligence. However, the Defendants' only claimed injury is "attorneys' fees and miscellaneous expenses." (ECF # 18 at 45).

It is clear that the Defendants' Fourth Amended Counterclaim fails to state a cause of action for negligence and gross negligence, because the Defendants' claimed injuries were not proximately caused by CHR's alleged negligent acts. Rather, the claimed injuries of attorneys'

fees and expenses, only arise of out of defending the litigation and are clearly not recoverable under Illinois law. As such, the Fourth Amended Counterclaim must be dismissed.

### b. Fifth Amended Counterclaim - Indemnity and Sixth Amended Counterclaim - Contribution.

The Illinois Supreme Court has held that there is no longer a viable cause of action for active-passive indemnification. *Skinner v Reed Prentice*, 70 Ill.21 1 (1978). Similarly, the Illinois Supreme Court has also stated that active-passive indemnity no longer exists after the adoption of contribution. *Allison v Shell Oil Company*, 113 Ill.2d 26 (1986).

In *Kerschner v Weiss & Co*., 667 N.E.2d 1351, 1355 - 1356 (1st Dist. 1986), the Court provided the following comprehensive summary of indemnity and contribution under Illinois law:

> Contribution contemplates the distribution of liability for a loss among joint tortfeasors according to each tortfeasor's percentage of relative fault. \*\*\* Indemnity is a common law doctrine which shifts the entire responsibility from the party who has been compelled to pay the plaintiff's loss to another who actually was at fault. \*\*\* The right to indemnity may be express, as in a contractual provision, or may be implied in law, arising in situations in which a promise to indemnify can be implied from the relationship between the parties.
> \*\*\*
> This theory recognizes that a blameless party (the indemnitee) may be held derivatively liable to the plaintiff based upon that party's legal relationship with the one who actually caused the plaintiff's injury (the indemnitor).
> \*\*\*
> To state a cause of action for implied indemnity based upon quasi-contractual principles, a third-party complaint must allege (1) a pretort relationship between the third-party plaintiff and the third-party defendant, and (2) a qualitative distinction between the conduct of the third-party plaintiff and the third-party defendant. \*\*\* Classic pretort relationships which have given rise to a duty to indemnity include lessor and lessee \*\*\*, employer and employee \*\*\* , owner and his lessee \*\*\*, and master and servant. (Citations omitted).

The Defendants' Fifth Amended Counterclaim purports to state a cause of action for indemnity. This counterclaim does not reference any written indemnity agreement. *(See*, ECF # 18, at 47 – 51). As such, the Defendants do not have any cause of action based on express indemnity.

8

Furthermore, the Fifth Amended Counterclaim does not state a cause of action for implied indemnity. Here, there no classic pretort relationship which gives rise to implied indemnity. To the contrary, the Defendants are wholly independent international air carriers retained to transport the subject cargo. Moreover, the Defendants alleged liability is not derivative. Rather, the Defendants are alleged to have committed independent wrongful acts that subject them to liability under the Montreal Convention.

Additionally, the Defendants are improperly seeking indemnity from the Plaintiff, CHR. Implied indemnity is only applicable to an action against a third-party, not the Plaintiff, CHR.

The Defendants' Sixth Amended Counterclaim for contribution similarly fails to state a cause of action. Contribution under 735 ILCS 5/2-1117, by definition, seeks contribution from another joint tortfeasor for the plaintiff's injuries. Here, the Defendants are wrongly seeking contribution from the Plaintiff, CHR, not from another joint tortfeasor.

It is important to note that the Defendant's tenth affirmative defense has previously alleged that CHR's damages were proximately caused by CHR's own negligence. (*See* Tenth Affirmative Defenses, ECF #11). Similarly, the Defendants' Seventh Affirmative Defense asserts an affirmative defense under Article 20 of the Montreal Convention with respect to CHR's alleged negligence. (*See* Seventh Affirmative Defense, ECF #11). As such, the parties are already at issue with respect to CHR's alleged negligence.

Therefore, the Defendants' Fifth and Sixth Amended counterclaims fail to state a cause of action and must be dismissed.

WHEREFORE, the Plaintiff/Counter-Defendant, C.H. Worldwide Inc. respectfully requests this Court enter an order in accordance with the foregoing, granting the motion to dismiss the Defendants/Counter-Plaintiffs, Koninklijke Luchatvaart Maatschappij N.V's ("KLM") and

Defendant Societe Air France's Amended Counterclaims, dismissing the Amended Counterclaims with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), and for such other relief as this Court deems just and equitable.

    Respectfully submitted by,

    C.H. Robinson Worldwide, Inc.

    */s/ Donald G. Machalinski*
    Donald G. Machalinski, Esq.
    Attorneys for the Plaintiff and Counter-Defendant,
    C.H. Robinson Worldwide, Inc.
    Donald G. Machalinski
    Tressler LLP
    233 South Wacker Drive, 61st Floor
    Chicago, Illinois 60606
    (312) 627-4000
    Fax: (312) 627-1717
    ARDC # 6200246
    dmachalinski@tresslerllp.com

    Robert Crowder (Admitted *Pro Hac Vice*)
    Joanna Maxwell (Admitted *Pro Hac Vice*)
    Tressler LLP
    6100 Center Drive, Suite 1175
    Los Angeles, California 90045
    310.203.4800
    Fax: 323.486.2704
    rcrowder@tresslerllp.com
    jmaxwell@tresslerllp.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he caused a true and correct copy of the foregoing **PLANTIFF'S AND COUNTER-DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P 12(b)(6)** to be electronically filed and served.

**Date: March 22, 2021**          **TRESSLER LLP**

*/s/ Donald G. Machalinski*
Donald G. Machalinski, Esq.